**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL MARTINEZ-OLVERA, | No.   15-72431 |
| Petitioner, | Agency No. A200-572-927 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Jose Manuel Martinez-Olvera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

As to asylum, Martinez-Olvera fails to challenge the agency's dispositive cognizability and causal nexus determinations. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Martinez-Olvera's asylum claim.

As to withholding of removal, Martinez-Olvera fails to challenge the agency's dispositive cognizability determination. *See id*. Substantial evidence supports the agency's determination that Martinez-Olvera otherwise failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Martinez-Olvera's withholding of removal claim fails.

We reject Martinez-Olvera's contention that the BIA erred in identifying his proposed particular social group in its analysis of his asylum and withholding of removal claims. Further, we lack jurisdiction to consider Martinez-Olvera's contentions regarding the proposed particular social group of "a defenseless 16-year old orphan in Mexico resisting organized crime recruitment, unstoppable by

2

caregiver or police" because it was not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence also supports the agency's denial of CAT relief because Martinez-Olvera failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**